IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | CIVIL ACTION NO. **3:CV-13-1277** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| LUZERNE COUNTY CORRECTIONAL FACILITY, *et al.*, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

**I.     BACKGROUND.**

On May 9, 2013, Plaintiff Sean M. Donahue, a former prisoner at Luzerne County Correctional Facility ("LCCF"), located in Wilkes-Barre, Pennsylvania, filed, *pro se*, this instant *Bivens*[1] civil action, pursuant to 28 U.S.C. §1331, together with a §1983 civil rights action.[2] (Doc.

---

[1] The Clerk of Court incorrectly docketed this case as only a civil rights action under 42 U.S.C. §1983. This case also implicates *Bivens* since Plaintiff is suing a federal official, Kim Sapolys-Lacy, and a federal agency, the Department of Veteran's Affairs, and thus, this case falls jointly under *Bivens*. *See Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff's instant action falls, in part, within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added). This case is, in part, a *Bivens* action because Plaintiff seeks monetary damages from a federal agency and official for alleged violations of his constitutional rights. *See Oriakhi v. Wood*, 2006 WL 859543, * 1, n. 1 (M.D. Pa.); *Conway v. Lindsay*, 2009 WL 1956282 (M.D. Pa.).

[2] We note that Plaintiff filed two previously civil rights actions with this Court. At or around the time of the instant Complaint, he additionally filed 21 other actions. Thus, Plaintiff had 23 cases pending before this Court. On May 31, 2013, the Court issued an Order and dismissed Plaintiff 's Civil No. 13-1043 case since Plaintiff failed to pay the filing fee or file an application to proceed *in forma pauperis*, after a 30-Day Administrative Order was issued (Doc. 6, Civil No. 13-1043). Plaintiff now has 22 cases pending with this Court.

1). Plaintiff's form §1983 civil rights Complaint consists of five (5) pages. (*Id*.).

On June 3, 2013, Luzerne County Commissary Bookkeeper notified the Court that Plaintiff Donahue was released from LCCF on bail on May 28, 2013. Thus, the Luzerne County Commissary Bookkeeper was returning to this Court the Administrative Orders this Court sent to LCCF directing the Warden to deduct funds from Plaintiff Donahue's inmate account to pay the filing fees in the civil rights cases Plaintiff filed with this Court. (Doc. 6). Therefore, Plaintiff was confined in LCCF from the date of his arrest on August 21, 2012, through May 28, 2013, when he was released on bail pending his trial on criminal charges in Luzerne County.

On June 3, 2013, Plaintiff notified the Court of his change of address, stated that he was released from LCCF on bail and, that he now resides at 625 Cleveland Street, Hazleton, Pennsylvania. (Doc. 7).

Named as Defendants in the Complaint are Luzerne County Correctional Facility ("LCCF"), Grace Franks, an LCCF counselor, the Federal Department of Veteran's Affairs "(VA"), and a federal counselor, Kim Sapolis-Lacy, a VA representative. (*Id*. at 3).

Since Plaintiff failed to pay filing fee or submit the forms required to proceed *in forma pauperis*, a 30-Day Administrative Order was issued on May 14, 2013. (Doc. 2). Subsequently, on May, 24, 2013, Plaintiff filed aa Application to proceed *in forma pauperis*. (Doc. 3).

## II.     ALLEGATIONS OF COMPLAINT (DOC. 1).

In the Statement of Claim in the Complaint, Doc. 1, pp. 4, Plaintiff avers:

> A few months ago, 3 prison counselors, including a VA Rep named
> Kim Sapolis-Lacy, tried to get me to claim that I was injured mentally
> in combat so that I would qualify for help getting a job through the VA
> medical program because it is too difficult to get the PA Department

>of Labor and Industry and the Luzerne County Workforce Investment
>Board and the Hazleton Career Link to do their federally funded jobs
>and help me.

As relief in the Complaint, Plaintiff requests this Court to: "order an FBI investigation;" "order the arrest of all the counselors;" and "order that all parties pay me $1 million U.S. dollars (sic) each." He also requests that this Court to: "order my release from jail;" and order that he be recruited into the FBI. (Id., pp. 4).

We will now screen Plaintiff's **Document 1** Complaint as required by the Prison Litigation Reform Act. *See Banks v. County of Allegheny*, 568, F.Supp.2d 579, 587-88 (W.D. Pa. 2008).

### III. STANDARDS OF REVIEW.

#### A. PLRA

As stated, Plaintiff filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 3). The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Specifically, Section 1915(e)(2), which was created by § 805(a)(5) of the Act, provides:

>(2) Notwithstanding any filing fee, or any
>portion thereof, that may have been paid, the
>court shall dismiss the case at any time if the
>court determines that (A) the allegation of
>poverty is untrue; or (B) the action or appeal
>(i) is frivolous or malicious; (ii) fails to
>state a claim on which relief may be granted;
>or (iii) seeks monetary relief against a
>defendant who is immune from such relief.

---

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

### B.      *42 U.S.C. § 1983*

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights. Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002); s*ee also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v.Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983."). "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor." *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id.* Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's

claims are based. *Id.* As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id.* Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

### C. *BIVENS* STANDARD

A *Bivens* civil rights action under § 1331 has the same standards as does a § 1983 civil rights action. In *Naranjo v. Martinez*, 2009 WL 4268598, *6 (M.D. Pa.), the Court stated:

> *Bivens* creates no substantive rights, but rather allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). A civil rights claim brought under Bivens is the federal counterpart to an action brought under 42 U.S.C. § 1983, and the same legal principles governing a § 1983 claim apply to a *Bivens* claim. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975); *Cyrus v. Hogsten*, No. 06-2265, 2007 WL 88745, at *3
> (M.D.Pa. Jan.9, 2007). To state a claim under *Bivens,* the plaintiff must show that the defendant, acting under color of Federal law, deprived him of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800; *Cyrus*, 2007 WL 88745, at *3.

5

> Civil rights claims may only be brought against "persons." 42 U.S.C. § 1983. Individual liability in a civil rights action is personal in nature, and a defendant is liable only if he was personally, affirmatively involved in the alleged malfeasance. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159, 173 (3d Cir.2005); *Robinson v. City of Pittsburgh*, 120 F.3d 1286, 1294 (3d Cir.1997), abrogated in part on other grounds by *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006) (citing *Rhode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). Further, "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009) (collecting cases).

In screening a Complaint under the PLRA, the Court uses the same standard that it uses to determine a Rule 12(b)(6) Motion to Dismiss. *See Banks v. County of Allegheny*, 568 F.Supp.2d 579, 588 (W.D. Pa. 2008).

### D. *Motion to Dismiss*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted).

> *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> > [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
> > *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

## IV. DISCUSSION.

Initially, the first named Defendant in the Complaint, LCCF, is not a proper Defendant in a §1983 civil rights action. A civil rights action cannot be maintained against LCCF because a prison

or correctional facility is not a "person" that is subject to suit under federal civil rights laws. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 109 S.Ct. 2304 (1989); *Mt. Healthy City Bd. of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568 (1977); *see also Slagle v. County of Clarion,* 435 F.3d 262, 264 n. 3 (3d Cir.2006) (the Third Circuit stated that "[t]he District Court dismissed Clarion County Jail as a defendant in this case, stating 'it is well established in the Third Circuit that a prison is not a "person" subject to suit under federal civil rights laws'").

Thus, we will recommend that Defendant LCCF be dismissed with prejudice from this case. Based upon the above, we find futility in allowing an amended Complaint with respect to the constitutional claims as against Defendant LCCF. *See Will*, *supra*; *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002)(*pro se* Complaints should not be dismissed without leave to amend unless "amendment would be inequitable or futile").

Insofar as Plaintiff is suing Defendant Federal Department of Veterans Affairs, an agency of the United States, for violations of his civil rights, the law is clear that *Bivens* "only authorizes suit against federal officials in their individual capacities and not against the United States and federal agencies." *Goodson v. Maggi*, 2010 WL 1006901, *7 (W.D. Pa. 2-22-10); *Debrew v. Auman*, 354 Fed. Appx. 639, 641 (3d Cir. 2009)("no claims [under *Bivens*] could properly be brought against Defendants in their official capacities.")(citation omitted); *Dambach v. United States*, 211 Fed.Appx. 105, 107-08 (3d Cir. 2006)(Third Circuit affirmed the dismissal of constitutional claims against the United States and Department in Veterans Affairs); *Taggart v. GMAC*, 2012 WL 5929000, *3 (E.D. Pa. Nov. 26, 2012)(citations omitted).

As such, we will recommend that Defendant Department of Veterans Affairs be dismissed with prejudice based on the doctrine of sovereign immunity. *See Conway v. Lindsay*, 2008 WL 2562949, *2 (M.D. Pa. 6-24-08)(citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). Also, as stated above, we will recommend that Plaintiff's claim for monetary damages against any federal employee, such as Defendant Sapolis-Lacy, in her official capacity be dismissed with prejudice.

The Court in *Johnson* stated:

> An action brought against federal agencies, or federal employees in their official capacities, is effectively an action against the United States. *Ky v. Graham,* 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). It is well settled that the United States has sovereign immunity except where it consents to be sued. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). Sovereign immunity extends to government agencies and employees sued in their official capacities. *Antol v. Perry,* 82 F.3d 1291, 1296 (3d Cir.1996). In addition, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Mitchell,* 445 U.S. at 538.
> First, regarding Johnson's constitutional claims against the Federal Defendants, Congress has never waived sovereign immunity for constitutional tort claims against the United States, its agencies, or employees sued in their official capacity. *FDIC v. Meyer,* 510 U.S. 471, 478, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994); *Graham,* 473 U.S. at 166-68. In addition, Congress has not waived sovereign immunity for RICO claims, *Jennette v. Holsey,* No. 06-874, 2006 WL 1984734, at *1 (M.D.Pa. May 31, 2006); *Delker v. United States,* No. 86-2712, 1986 WL 11701, at *1 (E.D.Pa. Oct.16, 1986), or for claims for conspiracy to interfere with civil rights under 42 U.S.C. § 1985, and negligent failure to prevent conspiracy to interfere with civil rights under 42 U.S.C. § 1986. *Davis v. U.S. DOJ,* 204 F.3d 723, 726 (7th Cir.2000); *Affiliated Prof'l Home Health Care Agency v. Shalala,* 164 F.3d 282, 286 (5th Cir.1999); *Biase v. Kaplan,* 852 F.Supp. 268 (D.N.J.1994); *Wilson v. Rackmill,* No. 87-456, 1990 WL 63504 at *4 (E.D.Pa. May 11, 1990).
> Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *FDIC,* 510 U.S. at 475. Thus, because the United States has not waived its sovereign immunity for constitutional tort, RICO, or §§ 1985 and 1986 claims against its agencies or its federal employees in their official capacities, these claims against the Federal Defendants must be dismissed for lack of subject matter jurisdiction pursuant Federal Rule of Civil Procedure 12(b)(1).

2010 WL 2991409, *2-*3.

While we recognize that the United States waived sovereign immunity regarding constitutional claims seeking equitable remedies, as discussed below, we find Plaintiff has not requested any proper equitable relief in this case. *See Taggart v. GMAC*, 2012 WL 5929000, *4 (citing 5 U.S.C. §702)(*Taggart* Court stated that §702 authorizes "actions seeking relief other than money damages for persons adversely affected by or suffering legal wrong because of 'agency action'")(citations omitted).

Thus, we will recommend that Defendants Department of Veterans Affairs and Kim Sapolis-Lacy, in her official capacity, be dismissed with prejudice. Based on the above, we find futility in allowing Plaintiff to amend his constitutional claims against Defendant Veterans Affairs and Defendant Kim Sapolis-Lacy, in her official capacity. *See FDIC v. Meyer, supra; Taggart, supra*.

We find that the equitable relief Plaintiff requests in his Complaint is all subject to dismissal. We find that to the extent that Plaintiff is seeking this Court to Order an FBI investigation and to Order the arrest of Defendants, this Court cannot grant as relief in the present case the initiation of any criminal prosecution. The Third Circuit has held that a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so. *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief for the arrest of Defendants with respect to alleged criminal conduct in this federal civil action. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd., in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is seeking this Court to have the FBI

commence a criminal investigation and, is seeking this Court to Order all Defendants arrested and charged for their alleged illegal behavior, these requests are subject to dismissal with prejudice. *See Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012). Based on the foregoing, we find futility for the Court to allow Plaintiff to amend his Complaint with respect to these requests for relief.

Also, this Court has no authority to direct the FBI to recruit Plaintiff, as Plaintiff requests. To the extent Plaintiff also seeks this Court to order his release from confinement in LCCF, this is not a proper request in a civil rights action and should be dismissed with prejudice to raise in a habeas petition after Plaintiff fully exhausts all of his state court remedies. As stated, on May 28, 2013, Plaintiff was released from LCCF on bail pending his Luzerne County Court criminal trial.

The Third Circuit Court in *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (internal citations omitted), stated:

> Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect. Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally be to 'inquire into the legality of the detention . . .. Section 1983, in contrast, provides for liability on the part of any state actor who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and its laws**.**

As analyzed under *Leamer*, Plaintiff's claims for relief relating to his confinement in LCCF and his request to be released from LCCF should be dismissed with prejudice in this civil rights action. Plaintiff must raise such claims and seek such relief in a habeas petition under 28 U.S.C. §2254 after he fully exhaust all of his state court remedies following this criminal trial. Even though

11

Plaintiff has now been released from LCCF on bail pending his criminal trial, his request for this Court to Order is release from prison is still subject to dismissal from this civil rights action.

As discussed, in a *Bivens* or §1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of federal (or state) law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *See Naranjo v. Martinez*, 2009 WL 4268598, *6.

Also, as discussed, Defendants LCCF and Department of Veterans Affairs, as well as Defendant Sapolis-Lacy, in her official capacity, are all subject to dismissal in this joint *Bivens* action and §1983 action.

Additionally, although there is personal involvement alleged in the Complaint as to Defendant Franks, a counselor at LCCF, and Defendant Sapolis-Lacy, a Veterans Affairs counselor, ultimately, there are no facts alleging how these two Defendants violated the constitutional rights of Plaintiff. The law is clear that neither *Bivens* nor §1983 creates a cause of action. *See Doe v. Delie*, 257 F.3d 309, 314 (3d Cir. 2001). "Rather, a Plaintiff must prove an underlying statutory or constitutional violation in order to prevail under [§1983]." *Douris v. Bucks County Office of District Attorney*, 2005 Wl 226151, *12 (E.D. Pa. Jan 31, 2005). Plaintiff Donahue has not alleged that any of his federal constitutional or statutory rights were violated by any Defendant as a result of their attempts to provide him with counseling services or assist him in finding employment. In fact, Plaintiff only states that Defendant Franks and Defendant Sapolis-Lacy tried to get him to claim that he was "injured mentally in combat so that [he] would qualify for help getting a job through the VA

medical program." This allegation does not amount to a violation of a constitutional right.

Furthermore, Plaintiff does not allege that any harm actually occurred as the result of any conduct by any Defendant. Thus, the Complaint fails to state any cognizable constitutional claim against a proper Defendant. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)("A[n individual government] Defendant in a civil rights action must have personal involvement in the alleged wrongdoing ... .")(quoting *Rode*, 845 F.2d at 1207). Accordingly, we will recommend that Defendants Franks and Sapolis-Lacy, in her personal capacity, be dismissed with prejudice from this case. Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless it finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004). However, because Plaintiff has failed to provide the Court with any facts whatsoever in relation to any cognizable constitutional claim against any proper state or federal official Defendant employed by LCCF and by the Department of Veterans Affairs and, because Plaintiff is not entitled to any of the equitable relief requested, we will recommend that Plaintiff's Complaint be dismissed with prejudice as we find futility in allowing Plaintiff to amend his Complaint. *See Grayson, supra*.

**V.    RECOMMENDATION.**

Based on the foregoing, we respectfully recommend that the Court:

1. **DISMISS WITH PREJUDICE** Plaintiff's claim for monetary damages to the extent it is against any state and federal employee in his or her official capacity.

2. **DISMISS WITH PREJUDICE** Defendant Department of Veterans Affairs.

3. **DISMISS WITH PREJUDICE** Defendant Grace Franks.

4. **DISMISS WITH PREJUDICE** Defendant Luzerne County Correctional Facility

5. **DISMISS WITH PREJUDICE** Defendant Kim Sapolis-Lacy.

6. **DISMISS WITH PREJUDICE** Plaintiff's Complaint **(Doc. 1)** in its entirety.

7. **GRANT** Plaintiff's Motion to proceed *in forma pauperis* **(Doc. 5)** solely for the purpose of filing this action.

                               **s/ Thomas M. Blewitt**
                               **THOMAS M. BLEWITT**
                               **United States Magistrate Judge**

**Dated: June 11, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN M. DONAHUE, | : | CIVIL ACTION NO. **3:CV-13-1277** |
| Plaintiff | : | (Judge Nealon) |
| v. | : | (Magistrate Judge Blewitt) |
| LUZERNE COUNTY CORRECTIONAL FACILITY, *et al.*, | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 11 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely Objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.


                                      **s/ Thomas M. Blewitt**
                                      **THOMAS M. BLEWITT**
                                      **United States Magistrate Judge**

**Dated: June 11, 2013**