UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SEAN M. DONAHUE, | CIVIL ACTION NO. 3:13-CV-1277 |
| Plaintiff | |
| | (JUDGE NEALON) |
| v. | (MAGISTRATE JUDGE BLEWITT) |
| LUZERNE COUNTY CORRECTIONAL FACILITY, ET AL., | |
| Defendants | |

FILED
SCRANTON
JUL 3 0 2013
PER ___A___
DEPUTY CLERK

## MEMORANDUM

On May 9, 2013, Plaintiff, Sean M. Donahue, who was confined[1] in the Luzerne County Correctional Facility ("LCCF"), Wilkes-Barre, Pennsylvania filed a pro se civil rights complaint. (Doc. 1). The complaint names the LCCF; Grace Franks, an LCCF counselor; the Federal Department of Veteran's Affairs ("VA"); and Kim Sapolis-Lacy, a VA representative, as Defendants. (Id.). Plaintiff alleges that three prison counselors, including Defendant Sapolis-Lacy, "tried to get [him] to claim that [he] was injured mentally in combat so that [he] would qualify for help getting a job through the VA medical program." (Id.). He filed a motion for leave to proceed in forma pauperis on May 24, 2013. (Doc. 3).

Pursuant to the screening requirements of the Prison Litigation Reform Act, Magistrate Judge Thomas M. Blewitt reviewed the complaint. See (Doc. 8) (citing Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996); 28 U.S.C. § 1915[2]). On June 11, 2013, Magistrate Judge

---

[1]Plaintiff has since been released on bail. See (Docs. 6-7).

[2]Title 28 U.S.C. § 1915(e)(2)(B) states: "the court shall dismiss the case at any time if the court determines that-- ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Blewitt issued a Report and Recommendation ("R&R") recommending that the complaint be dismissed in its entirety with prejudice, and that the motion for leave to proceed in forma pauperis be granted for the sole purpose of filing this action. (Id.). On June 13, 2013, Plaintiff filed a motion for the appointment of counsel, which includes an "objection to dismissal." (Doc. 9). The objection states:

> I, Sean M. Donahue, object to the dismissal of the above captioned docket. Doing so will allow an injustice to go unchecked simply because I do not have an attorney representing me in this matter. I am a layman of the law and am willing to change the relief requested but I want the matter to be heard by a jury.

(Id.). Notably, the motion/objection is dated June 7, 2013, before the R&R was issued. (Id.).[3] No other objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), citing Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify the portions of the proposed

---

[3]Between April 22, 2013, and June 11, 2013, Plaintiff filed twenty-three (23) civil rights complaints. He filed an identical motion/objection in nineteen of those cases. See e.g. Donahue v. Luzerne County Correctional Facility, et al., No. 13-cv-1271 at (Doc. 14) (M.D. Pa. 2013).

2

findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In the instant action, Plaintiff's "objection to dismissal" contains no specific objection to any portion of the R&R. Accordingly, the R&R is reviewed for clear error.

Magistrate Judge Blewitt determines that although the instant action is docketed under 42 U.S.C. § 1983, the case also implicates Bivens[4] and falls, in part, within 28 U.S.C. § 1331. (Doc. 8, p. 1 n.1). The R&R thoroughly outlines the required elements of a section 1983 action and explains that each named defendant must be shown to be personally involved in the alleged constitutional deprivations. (Doc. 8, pp. 3-6). The Magistrate Judge states: a "Bivens civil rights action under § 1331 has the same standards as does a § 1983 civil rights action." (Id. at p. 5)

---

[4]Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). A Bivens-type action is "a judicially created remedy allowing individuals to seek damages for unconstitutional conduct by federal officials." See Banks v. Roberts, 251 Fed. Appx. 774, 775 n.1 (3d Cir. 2007).

3

(citing Naranjo v. Martinez, 2009 U.S. Dist. LEXIS 128507 (M.D. Pa. 2009) (Mannion, M.J.), adopted by, 2009 U.S. Dist. LEXIS 109645 (M.D. Pa. 2009) (McClure, J.)). As to Defendant LCCF, Magistrate Judge Blewitt determines that the LCCF is not a proper defendant in a section 1983 action because it is not a "person" subject to suit under federal civil rights laws. (Doc. 8, pp. 7-8), citing Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Accordingly, the Magistrate Judge concludes that it would be futile to afford Plaintiff an opportunity to file an amended complaint against Defendant LCCF. (Doc. 8, p. 8), citing Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Similarly, the R&R recommends that the VA be dismissed based on the doctrine of sovereign immunity because it is a federal agency. (Doc. 8, pp. 9-10), citing FDIC v. Meyer, 510 U.S. 471, 475 (1994). Magistrate Judge Blewitt recognizes that the United States has waived sovereign immunity regarding constitutional claims seeking equitable remedies, but finds that Plaintiff has not requested any proper equitable relief. (Id.). Specifically, to the extent Plaintiff seeks an order requiring a federal investigation, the arrest of Defendants, or directing the FBI to recruit Plaintiff, this Court is without authority to grant such relief. (Doc. 8, pp. 10-11), citing Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002); Ross v. Pa. Bd. of Prob. & Parole, 2012 U.S. Dist. LEXIS 115546, *14 n.3 (M.D. Pa. 2012) (Kane, J.). Accordingly, the Magistrate Judge concludes that the VA and Defendant Sapolis-Lacy, in her official capacity, should be dismissed with prejudice. (Id.). Next, Magistrate Judge Blewitt explains that Plaintiff "has not alleged that any of his federal constitutional or statutory rights were violated by any Defendant", nor does he allege that any harm occurred. (Doc. 8, pp. 12-13). The R&R reasons "that neither Bivens nor §1983 creates a cause of action. See Doe v. Delie, 257 F.3d 309, 314 (3d Cir. 2001). 'Rather, a Plaintiff must prove an underlying statutory or

constitutional violation in order to prevail under [§1983].'" <u>Douris v. Bucks County Office of District Attorney</u>, 2005 WL 226151, *12 (E.D. Pa. Jan 31, 2005)." (Id.). The Magistrate Judge concludes that "because Plaintiff has failed to provide the Court with any facts whatsoever in relation to any cognizable constitutional claim against any proper ... Defendant ... and, because Plaintiff is not entitled to any of the equitable relief requested," that the complaint be dismissed with prejudice and that it would be futile to grant him leave to amend. (Doc. 8, p. 13).

Having reviewed the R&R for clear error and finding none, it will be adopted. The complaint and all Defendants will be dismissed with prejudice and without leave to amend. Additionally, Plaintiff's motion for leave to proceed <u>in forma pauperis</u> will be granted for the sole purpose of filing this action.

A separate order will be issued.

Date: July 30, 2013

_____
**United States District Judge**

5